UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Case No. 1:13-mj-02042-AMS |
| ) | |
| JOHN COTE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT
OF MOTION FOR PRETRIAL DETENTION**

The United States of America, by and through undersigned counsel, respectfully requests that this Court order the pretrial detention of defendant John Cote pursuant to 18 U.S.C. §§ 3142(e) and (f) and offers this Memorandum in support.

**I.   FACTUAL BACKGROUND**

   A.   Indictment

On December 18, 2012, a grand jury in the District of Connecticut returned an indictment that charged the defendant John Cote, and his wife, Sandra Cote, with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and tax evasion, in violation of 26 U.S.C. § 7201. The indictment alleges that, between 1995 and 2009, the Cotes engaged in a scheme designed to prevent the Internal Revenue Service ("IRS") from assessing and collecting taxes owed on the defendant's income.

During the time period covered by the indictment, the defendant traveled the world as a consultant in the high-technology welding industry. Working in concert with his wife, the defendant prevented the companies with which he contracted from reporting his income to the IRS. The Cotes hid this income from the government by directing the companies to wire the

defendant's compensation to bank accounts in Costa Rica, Antigua, and Sweden, as well as to a bank account in Connecticut that Sandra Cote opened in the name of a fake church.

The defendant and his wife submitted numerous obstructive and harassing documents to the IRS in response to notices and warning letters directing them to file tax returns and pay taxes. Over more than a decade, the Cotes adduced a litany of frivolous "tax protester" or "tax defier" claims about the tax laws. Among other things, the defendant and his wife claimed that the tax laws were not applicable to them; they were non-resident aliens and sovereign citizens; the IRS lacked the legal authority to assess and collect taxes; and that any compensation received by the defendant was not taxable.

  B.  <u>Foreign Travel and Contacts</u>

The defendant's work over the last fifteen years entails extensive foreign ties, including work contracts with foreign corporations and bank accounts in foreign countries. Since the 1990s, the majority of the defendant's work has been outside the United States, particularly in Europe and the Middle East.

The defendant has access to untold financial resources outside of the United States. In 1998, he falsely represented to Magnatech LLC, a Connecticut-based manufacturer of welding equipment, that he was employed by a Costa Rican company called Josanisco. However, Josanisco was not the defendant's employer. Instead, it was a sham entity controlled by the defendant. Two witnesses have stated that "Josansico" is an amalgamation of the first letters of some of the defendant's family members' names. In 1998, the defendant directed Mangatech LLC to wire his compensation to Josanisco's bank account in Costa Rica; these wire transfer instructions were later changed to have payments sent to Antigua, and later to Sweden. The

government has not been able to locate any record of these funds being repatriated to the United States.

Since approximately February 2012, the defendant has resided in Dubai, United Arab Emirates (UAE) while working on a training project for Mangatech International, a Dutch company that sells welding equipment manufactured by Magnatech LLC.  Email records show that the defendant maintains at least one bank account in the UAE at the Abu Dhabi Commercial Bank.  Exh. A (Emails from Abu Dhabi Commercial Bank).  At present, it is unknown how many foreign bank accounts the defendant has and the total funds contained in such accounts.

While his commercial and financial ties to foreign countries are substantial, the defendant lacks meaningful ties to the United States.  Most notably, John Cote does not have a fixed residence in the United States.  According to one witness, the defendant is transient, and stays with friends while in the country.  Another witness stated that the defendant was living in Florida but could not provide an exact address.  The defendant is even listed as having "No Certain Address" in a pleading that his wife prepared in or around March 2012, apparently in anticipation of the indictment in this case. Exh. B (Motion to Strike / Dismiss Indictment).  Further, the defendant's family members appear willing to conceal his whereabouts from government agencies.  When questioned by the Special Agent and government attorneys in the spring of 2012, the defendant's two adult children and Sandra Cote's half brother all denied knowing where John Cote was, or even what his email address might be.

The defendant has endeavored to conceal his whereabouts from the IRS and other government agencies.  On false tax returns and other documents that he submitted to the IRS, the defendant listed an address in Lake Park, Florida.  As a result, the IRS began sending

correspondence to the defendant at that address.  However, a letter from the owner of that property confirms that he did not live there.  Exh. C (Letter from Malbaurn dated 3/18/02).  Since 2005, the defendant has maintained a Florida driver's license that lists an address in Melbourne, Florida.  Exh. D (DMV Records).  George Guccione, who has resided at that address for twenty years, told agents of IRS-Criminal Investigation that he does not know the defendant and that the defendant never resided there.  Exh. E (Memorandum of Interview with Guccione).  Finally, between December 2009 and September 2010, the defendant provided at least three different addresses to U.S. Customs and Border Protection officers when entering the United States.

Seized correspondence shows that the defendant and his wife may plan to retire to Mexico rather than remaining in the United States.  On December 21, 2012,[1] The defendant sent an email to a real estate agent in Tulum, Mexico to arrange a house shopping expedition.  In the email, the defendant stated that he and his wife are "considering a retirement move" to the Tulum area of Mexico.  Exh. F (Email from Cote dated 12/21/12).  To that end, the defendant flew to Cancun, Mexico on January 9, 2013 and attempted to enter that country.  He was thereupon  detained based on the outstanding arrest warrant and transported to Miami, Florida to appear before this Court.

**II.     LEGAL STANDARD**

Under 18 U.S.C. § 3142(e), if a judicial officer finds after a detention hearing that "no

---

[1] Defendant was originally booked on a flight from Dubai, UAE landing at Atlanta, Georgia on December 21, 2012.  Perhaps getting wind of an impending arrest, defendant never took that flight.  Instead, he flew to Mexico by way of Paris to meet his co-defendant wife outside of the United States.  On January 9, 2013, Sandra Cote was apprehended on her way to Cancun at the airport in Providence, Rhode Island.

condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." The judicial determination of whether release conditions will reasonably assure a defendant's appearance and community safety is guided by the following four statutory factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. See 18 U.S.C. § 3142(g).

A judicial determination that a defendant should be detained pending trial on grounds of risk of flight must be supported by a preponderance of the evidence. United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Cisneros, 328 F.3d 610, 616 (10th Cir.2003); United States v. Xulam, 84 F.3d 441, 442 (D.C.Cir.1996).

### III.   DISCUSSION

The government respectfully submits that the facts of this case establish, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the defendant's presence at future court proceedings. The factors set forth in 18 U.S.C. § 3142(g) weigh heavily against pretrial release of the defendant. Although John Cote lacks prior criminal convictions, he is charged with five felonies in this case, all arising from a nearly fifteen year long pattern of obstruction and fraud. The weight of the evidence against the defendant – which consists largely of tax returns, letters signed by the defendants, and business records from the companies with which the defendant contracted – is very strong. In light of the likelihood of conviction and the potential exposure to a term of incarceration, the defendant has a strong

5

motivation to flee.

Although his co-defendant wife and adult children live in Connecticut, the defendant's foreign ties substantially outweigh his domestic ones. All of his recent employment has been abroad under contract to non-U.S. clients who do not appear to be sending his compensation to the United States. The defendant has access to unknown financial resources in the Middle East and elsewhere. Coupled with the business relationships that he built during his time abroad, these bank accounts would provide the defendant with the means to remain outside of the reach of the U.S. government. Indeed, were the defendant to flee the United States, he could take up where he left off: earning a comfortable living in the pay of foreign companies while doing work on sites around the globe, but not within the jurisdiction of the United States.

Even if he is unable to leave the United States, the defendant remains a risk of flight. Not only does he lack a fixed address, but he has routinely provided false addresses to government agencies – including the IRS, U.S. Customs and Border Protection, and the Florida Department of Motor Vehicles – in order to conceal his whereabouts. Given this evasiveness even before criminal charges were brought against him, the defendant presents a substantial risk of flight and non-appearance.

Moreover, the defendant has a history of defying the laws of the United States. As the allegations in the indictment reveal, he has submitted documents claiming to be a sovereign citizen[2] and non-resident alien, and that the laws of this country do not apply to him. See, e.g.,

---

[2] The "sovereign citizen" subculture rejects legitimate authority. See United States v. Brown, 669 F.3d 10, 19 (1st Cir. 2012) (describing claims of defendant convicted of firearms, bomb possession and tax charges in terms of "so-called sovereign citizen movement whose proponents believe they are not subject to federal or state statutes or proceedings, reject most forms of taxation as illegitimate, and place special significance in commercial law").

Exh G (Letter from Cote to IRS dated 11/18/96).  The defendant also appears to be planning to defy the jurisdiction of any court before which he appears.  The following, which was found in the defendant's email account, is an excerpt from a "script" that tax defiers and other anti-government defendant may use when appearing before a court:

> Who does the judge represent in all of this? Who do you [the judge] represent here?
>
> They may say: "I'm the judge."
>
> Remember, explanations about the job or title are NON-RESPONSIVE i.e., I make decisions, rulings etc.
>
> That is NON-RESPONSIVE, move to strike, I know what your title is, I need to know who you represent here. On whose behalf are you appearing today?
>
> The judge either represents the "'state" or he's there on his own behalf.  If he represents the "state" or the "people of the state," then he represents the plaintiff.  If there on his own behalf, then he may not claim the "constitution" as so-called "authority."
>
> If the "state" then there is a conflict of interest.  I've already been told I can't get a fair hearing if there is a conflict of interest.

Exh H (Sovereign Citizen "Script").  The defendant's previous attempts to subvert the authority of the IRS and his plan to challenge the authority of the court call into question whether he will comply with the court's orders.

## IV.  CONCLUSION

The facts and circumstances of this case, including the defendant's substantial foreign ties, his lack of ties to the United States, his use of false addresses, his access to untold funds in foreign bank accounts, and his history of defying legitimate government authority, establish, by a preponderance of the evidence, that the defendant poses a serious risk of flight and that no condition or combination of conditions would reasonably assure his presence at trial.  For the reasons set forth above, the government respectfully requests that the Court order the pretrial detention of the defendant.

                                      WILFREDO A. FERRER
                                      United States Attorney

                    By:    s/ Jeffrey A. McLellan
                            JEFFREY A. MCLELLAN
                            D.C. Bar # 484017
                            Attorney for the United States
                            Department of Justice, Tax Division
                            P.O. Box 972
                            Washington, D.C. 20004
                            Telephone: (202) 514-5181
                            Fax: (202) 514-8455
                            Jeffrey.A.McLellan@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on January 14, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which system will serve counsel of record.

                                          s/ Jeffrey A. McLellan
                                          JEFFREY A. MCLELLAN
                                          D.C. Bar # 484017
                                          Attorney for the United States
                                          Department of Justice, Tax Division
                                          P.O. Box 972
                                          Washington, D.C. 20004
                                          Telephone: (202) 514-5181
                                          Fax: (202) 514-8455
                                          Jeffrey.A.McLellan@usdoj.gov